AO93 Search and Seizure Warrant

# UNITED STATES DISTRICT COURT
### for the
### District of Arizona

In the Matter of the Search of
Eugene Hayes Bell ("SUBJECT PERSON in A-14").

Case No. 22-8165MB

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the District of Arizona:

**As further described in Attachment A-14.**

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal:

**As set forth in Attachment B.**

**YOU ARE COMMANDED** to execute this warrant on or before ___5-19-22___ *(not to exceed 14 days)*
☒ in the daytime 6:00 a.m. to 10:00 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to any United States Magistrate Judge on criminal duty in the District of Arizona.

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized ☐ for __30__ days *(not to exceed 30)* ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: __5-6-22 @ 4:30 p.m.__    _____[signature]_____
                                                                Judge's signature

City and state: __Phoenix, Arizona__    Honorable JOHN Z. BOYLE, U.S. Magistrate Judge
                                        *Printed name and title*

## ATTACHMENT A-14
## PERSON TO BE SEARCHED

The person to be searched is Eugene Hayes Bell ("BELL"). BELL is a black male, approximately 5'10 tall, 190 pounds, with black hair and brown eyes. BELL's date of birth is XX/XX/1993. BELL's photograph appears below:



The search of BELL shall include his person, clothing, and personal belongings, including backpacks, briefcases and bags, that are within his immediate vicinity and control at the location where the search warrant is executed and that may contain the items called for by Attachment B to this warrant. This warrant authorizes the on- or off-site forensic examination of electronic devices found in the possession of or determined to be under the control of BELL, for the purpose of identifying the electronically stored information described in Attachment B.

## ATTACHMENT B
## ITEMS TO BE SEIZED

The following items to be seized in whatever form (including electronic) found at the Property to be Searched described in Attachment A-1 through A-14 ("**SUBJECT PREMISES, VEHICLES, or PERSONS**"), including any digital devices, for evidence, fruits or instrumentalities of violations 18 U.S.C. § 1715 (Firearms as Nonmailable); 18 U.S.C. § 922(a)(1) (Dealing in Firearms Without a License); and 18 U.S.C. § 922(a)(5) (Transfer Firearm to Out of State Resident). These records and materials are more specifically described below.

1. All firearms, magazines, firearm accessories, and/or ammunition;

2. Any items relating to the possession, trafficking, sales, distribution, maintenance and use of firearms, to include but not limited to ammunition magazines, speed loaders, spare firearms parts, holsters, cleaning kits, or packaging material;

3. Any documentation that relates to the ownership, possession, sale, transfer, trafficking, sales, or distribution of firearms, magazines, and firearm accessories, including but not limited to photographs, receipts, firearm containers, carrying cases, labels, packaging material, and firearm boxes;

4. Documents, items and other indicia evidencing membership, affiliation, association or interaction with firearms trafficking or sales, including notes, letters, mailings, correspondence, or pictures;

5. Computers, storage media, or any digital and electronic devices, including cellular telephones, used as a means to commit the violations described above.

6. Any U.S. currency evidencing the proceeds derived from illicit firearms trafficking.

## ATTACHMENT C

## PROTOCOL FOR SEARCHING DEVICES OR MEDIA THAT STORE DATA ELECTRONICALLY

1.    In executing this warrant, the government will begin by ascertaining whether all or part of a search of a device or media that stores data electronically ("the device") reasonably can be completed at the location listed in the warrant ("the site") within a reasonable time. If the search reasonably can be completed on site, the government will remove the device from the site only if removal is necessary to preserve evidence, or if the item is contraband, a forfeitable instrumentality of the crime, or the fruit of a crime.

2.    If the government determines that a search reasonably cannot be completed on site within a reasonable time period, the government must determine whether all or part of the authorized search can be completed by making a mirror image of, or in some other manner duplicating, the contents of the device and then conducting the forensic review of the mirror image or duplication off site. The government will complete a forensic review of that mirror image within 120 days of the execution of the search warrant.

3.    In a circumstance where the government determines that a mirror image of the contents of a device cannot be created on site in a reasonable time, the government may seize and retain that device for 60 days in order to make a mirror image of the contents of the device.

4.    When the government removes a device from the searched premises it may also remove any equipment or documents ("related equipment or documents") that reasonably appear to be necessary to create a mirror image of the contents of the device or conduct an off-site forensic review of a device.

5.    When the government removes a device or related equipment or documents from the site in order to create a mirror image of the device's contents or to conduct an off-site forensic review of the device, the government must file a return with a magistrate judge

34

that identifies with particularity the removed device or related equipment or documents within 14 calendar days of the execution of the search warrant.

6.   Within a reasonable period of time, but not to exceed 60 calendar days after completing the forensic review of the device or image, the government must use reasonable efforts to return, delete, or destroy any data outside the scope of the warrant unless the government is otherwise permitted by law to retain such data.

7.   The time periods set forth in this protocol may be extended by court order for good cause.

8.   In the forensic review of any device or image under this warrant the government must make reasonable efforts to use methods and procedures that will locate and expose those categories of files, documents, or other electronically-stored information that are identified with particularity in the warrant, while minimizing exposure or examination of irrelevant, privileged, or confidential files to the extent reasonably practicable.

9.   For the purposes of this search protocol, the phrase "to preserve evidence" is meant to encompass reasonable measures to ensure the integrity of information responsive to the warrant and the methods used to locate same.